# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JENNIFER ADRIANA MENDOZA,

           Plaintiff,

    v.

ANDREW SAUL,
Commissioner of Social Security,[1]

           Defendant.

_____/

Case No. 1:18-cv-00925-SKO

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

(Doc. 21)

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,948.72. (*See* Doc. 21.)

On December 23, 2019, Defendant filed an opposition asserting Plaintiff is not entitled to fees under the EAJA because Defendant's position was substantially justified. (*See* Doc. 23.) Alternatively, Defendant contends that the number of hours sought is unreasonable and should be reduced accordingly. (*Id.*) In response, Plaintiff filed a reply brief, in which she requests an additional $868.08 in attorney's fees, for a total of $6,818.78. (*See* Doc. 24.)

For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on June 20, 2019). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

GRANTED IN PART.

## I. BACKGROUND

Plaintiff filed this action on July 9, 2018, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits. (Doc. 1.) On September 4, 2019, the Court issued an order reversing the ALJ's decision and remanding the case for award or benefits based on the ALJ's failure to fully and fairly develop the record. (Doc. 19.)

On November 25, 2019, Plaintiff filed a motion for EAJA fees and expenses, contending she is the prevailing party in this litigation and seeking a total award of $5,948.72 payable to her attorney Melissa Newel. (*See* Doc. 21 at 7.) Defendant filed an opposition asserting that Plaintiff's fee request should be denied because Defendant's position was substantially justified. (*See* Doc. 23 at 3–6.) Defendant asserts that it was reasonable for the ALJ to have relied on the Medical-Vocational Guidelines, 20 C.F.R., Part 404, Subpart P, appendix 2 ("Grids") even when Plaintiff had a combination of exertional and non-exertional limitations, because the Ninth Circuit has found in published cases that non-exertional limitations can be not so significant as to affect the claimant's exertional capabilities. (*See id.*) Thus, Defendant contends there was a "genuine dispute" as to whether an occasional face-to-face interaction limitation could reasonably be seen as not reducing significantly the occupational base for unskilled work, such that reliance on the Grids was appropriate. (*Id.*)

Alternatively, Defendant contends that Plaintiff spent an unreasonable number of hours on this case. (Doc. 23 at 7–9.) Specifically, Defendant asserts the amount of time Plaintiff's counsel time should be reduced because the case "involved a relatively short 423-page record, and Plaintiff raised only one issue that had merit." (*See id*. at 5–6.) Defendant also contends that the Court should order any fees awarded be paid to Plaintiff, rather than her attorney, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010). (*See id.* at 7–8.)

It is Plaintiff's motion for attorney's fees and expenses under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses

. . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

## III.     ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether Defendant's actions were substantially justified.

### A.     The Government's Position was Not Substantially Justified

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir.

2002).  Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161.

In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).  In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.*  Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.*  Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).  The burden of establishing substantial justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification.  727 F.3d at 870.  Here, the Court found that the ALJ committed legal error by failing to demonstrate how a limitation to occasional face-to-face interaction with the general public, coworkers, and supervisors would not significantly erode the unskilled occupational base of unskilled medium work, and instead relying solely on the Grids for the disability determination.  (*See* Doc. 19.)  The Court found that this failure not only contravened case law from this Court and others, but also ran afoul of Social Security Ruling ("SSR") 85-15—cited by the ALJ in his decision—which states that one of the requirements of unskilled work is the ability "to respond appropriately to supervision [and] coworkers" and "a substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base." (*See id* at 19 (quoting TITLES II & XVI: CAPABILITY TO DO OTHER WORK–THE MEDICAL-VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING SOLELY NONEXERTIONAL IMPAIRMENTS, SSR 85-15 (S.S.A. 1985), 1985 WL 56857 at *4).)  The

Commissioner's position was not substantially justified because the ALJ failed to follow these well-established guidelines, about which there is no "genuine dispute." *See Stevens v. Astrue,* No. CV 09-0444-TUC-BPV, 2011 WL 2448342, at *2 (D. Ariz. June 20, 2011) (finding position of Commissioner not substantially justified where he ignored VE testimony in contravention of SSR 85-15). *See also Loring v. Astrue*, No. 6:10-CV-06273-SI, 2012 WL 1598291, at *2 (D. Or. May 7, 2012) (concluding that the Commissioner's position was not substantially justified because the ALJ failed to follow well-established precedent, including SSR 96-7p); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1081 (E.D. Cal. 2017) ("[W]hen the government *violates its own regulations*, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified.") (emphasis added).

That the Commissioner believed his litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). The Commissioner has not satisfied his burden of showing the government's position was substantially justified at each stage of the proceedings. Because the Commissioner's position in defending the ALJ's erroneous conduct was not substantially justified, s*ee Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("[T]he defense of basic and fundamental errors . . . is difficult to justify."), and there are no other special circumstances that would make an award of EAJA fees unjust, the Court finds that Plaintiff is entitled to an award of fees pursuant to the EAJA.

**B.** **Plaintiff's Fee Request Must Be Modified**

Plaintiff seeks a total award of $6,816.78, comprised of 33.40 hours of attorney time, payable to her attorney Ms. Newel. (*See* Docs. 21 & 24.) Defendant does not object to Plaintiff's hourly rate but contends that the hours Plaintiff requests are unreasonable given the "relatively short" administrative record, the lack of complexity of the case, and the "boilerplate" nature of the post-judgment briefing. (Doc. 23 at 8–9.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts

are permitted to adjust the rate to compensate for increases in the cost of living.[2]  28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.  Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley* 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).  "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434.  The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Plaintiff initially requested compensation for a total of 29.15 hours of attorney time but increased that request by 4.25 hours to account for the time required to research and draft a reply to the Commissioner's opposition to her fee request.  (*See* Doc. 21 at 8; Doc. 24 at 9.)  The tasks completed by Plaintiff's counsel Ms. Newel include reviewing the ALJ's decision and the administrative record that was approximately 423 pages; drafting Plaintiff's confidential letter brief,

---

[2] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living.  The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.  Plaintiff requests an hourly rate of $201.60 for attorney work performed in 2018 and an hourly rate of $204.25 for attorney work performed in 2019 and 2020. (Doc. 21 at 8.)  These rates are consistent with (and, in the case of the 2019 rate, less than) the statutory maximum rates as set forth by the Ninth Circuit.

opening brief, and reply brief; and preparing the request for EAJA fees now pending before the Court.  (*See id.*)

After independently reviewing the individual time entries on the timesheets submitted by Plaintiff's counsel (*see id.*), the Court deducts 1.0 hours from the time Plaintiff's counsel spent drafting the EAJA motion at an hourly rate of $204.25.  Having now reviewed several EAJA fee motions submitted by Ms. Newel, it has become apparent to the Court that these motions and their accompanying declarations are substantially similar.  *Compare, e.g.,* Doc. 21 *with Daily v. Berryhill*, Case No. 1:16–cv–01419–SKO, Doc. 20 (filed May 8, 2018), *and Ondracek v. Commissioner*, Case No. 1:15-cv-01308-SKO, Doc. 25 (filed May 23, 2017).  While Ms. Newel is entitled to compensation for preparing her motion and declaration, the repetitive nature of these items warrants a reduction in time.  She will therefore be allowed .5 hours for this task.  *See, e.g., Stairs v. Astrue*, No. 1:10CV0132 DLB, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011) (permitting only .5 hours for preparation of "*extremely* similar" EAJA motion).

In reviewing Plaintiff's remaining hours, the Court is mindful that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [she] won, and might not have, had [she] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  With this deference in mind, and considering the circumstances of this case, the Court finds the remaining time expended by Plaintiff's counsel on the various tasks, and the total time of 32.4 hours for which recovery is sought (including the 1.0 reduction, above), to be reasonable.  *See, e.g., Kuharski v. Colvin*, No. 2:12-cv-1055-AC, 2015 WL 1530507, *1-2, 6 (E.D. Cal. Apr. 3, 2015) (40.80 hours awarded where claimant's attorney required to oppose cross-motions for summary judgment and a motion to amend the judgment); *Boulanger v. Astrue*, No. Civ. S-07-0849 DAD, 2011 WL 4971890, *2 (E.D. Cal. Oct. 19, 2011) (58 hours awarded where cross-motions for summary judgment filed by the parties); Watkins v. Astrue, No. Civ S-06-1895 DAD, 2011 WL 4889190, *1 (E.D. Cal. Oct. 13, 2011) (awarding 62 hours where cross-motions for summary judgment filed, the administrative record was 700 pages and opening brief was 55 pages long); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011) (approving 62.1 hours where case fully briefed); *Dean*

*v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf).

**C.      Payment of Fees to Plaintiff**

Finally, Defendant requests that any fee award be made to Plaintiff. (Doc. 23 at 10.) *Astrue v. Ratliff*, 560 U.S. 586 (2010), requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district routinely order payment directly to counsel so long as the plaintiff does not have a debt that is subject to offset and she assigned her right to EAJA fees to counsel. *See Young v. Berryhill*, No. 2:14–cv–2585–EFB, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases). Here, Plaintiff assigned her right to EAJA fees to her attorney. (Doc. 21-2.) Accordingly, if Plaintiff does not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

## IV.      CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's counsel reasonably expended 1.95 hours, at a rate of $201.60 per hour, and 30.45 hours, at a rate of $204.25 per hour, litigating this case.

Accordingly, it is hereby ORDERED that:

1.      Plaintiff's motion for attorney's fees and expenses under the EAJA (Doc. 21) is GRANTED IN PART;

2.      Plaintiff is awarded attorney's fees under the EAJA in the amount of $6,612.53; and

3.      Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

IT IS SO ORDERED.

Dated:   __**January 24, 2020**__                    _____/s/ *Sheila K. Oberto*_____

UNITED STATES MAGISTRATE JUDGE